IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF LAURENCE MARC BERLIN, BAR NO. 3227.

No. 82305

FILED

APR 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## *ORDER IMPOSING RECIPROCAL DISCIPLINE AND SUSPENDING ATTORNEY*

This is a petition under SCR 114 to reciprocally discipline attorney Laurence Marc Berlin based on his six-month suspension from the practice of law in Arizona for violating RPC 1.4 (communication), RPC 1.15 (safekeeping property), RPC 3.2 (expediting litigation), and RPC 8.4(c) (misconduct prejudicial to the administration of justice).[1] Pursuant to a discipline-by-consent agreement, Berlin admitted to knowingly violating those rules by failing to diligently litigate a civil action and communicate with a client about the status of the case; failing to promptly disburse settlement funds to the client and her lienholders and safekeep funds in a trust account; comingling client and operating funds and using one client's funds to pay another client; failing to account for the disbursement of a client's settlement; and failing to respond to the Arizona State Bar's requests for information. Berlin has not responded to the SCR 114 petition.

Under SCR 114(4), this court must impose identical reciprocal discipline unless the attorney demonstrates or this court determines that (1) the other jurisdiction failed to provide adequate notice, (2) the other

---

[1] His suspension was also based on violations of Arizona specific rules 43(b) (trust account) and 54(d)(2) (failure to furnish information), which in Nevada are covered under RPCs 1.15 and 8.1.

21-11095

jurisdiction imposed discipline despite a lack of proof of misconduct, (3) the established misconduct warrants substantially different discipline in this jurisdiction, or (d) the established misconduct does not constitute misconduct under Nevada's professional conduct rules. None of those exceptions apply here, and "[i]n all other respects, a final adjudication in another jurisdiction that an attorney has engaged in misconduct conclusively establishes the misconduct for the purposes of a disciplinary proceeding in this state." SCR 114(5). Accordingly, we grant the petition for reciprocal discipline and hereby suspend Laurence Marc Berlin from the practice of law in Nevada for six months commencing from the date of this order and subject to the same conditions set forth in the Arizona order.[2]

It is so ORDERED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:     Bar Counsel, State Bar of Nevada
        Laurence Marc Berlin
        Executive Director, State Bar of Nevada
        Admissions Office, U.S. Supreme Court

---

[2]Berlin's six-month suspension in Arizona requires that he complete a half-day Trust Account Ethics Program, submit to a Law Office Management Assistance Program examination of his office procedures and comply with any reporting requirements, and complete a two-year probation upon reinstatement, during which he must not violate any professional conduct rules.